IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA GRECO, )<br>)<br>   Plaintiff, )<br>)<br>   vs. )<br>)<br>IRONGATE ACCOUNT SOLUTIONS, LLC )<br>and CAPITAL LINK MANAGEMENT, LLC, )<br>)<br>   Defendants. ) | Case No. 17-cv-7159 |

## COMPLAINT

## INTRODUCTION

  1.  Plaintiff Anna Greco brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Irongate Account Solutions, LLC and Capital Link Management, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

  2.  The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

  3.  In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

  4.  Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

9. Plaintiff Anna Greco is an individual who resides in the Northern District of Illinois.

10. Defendant Irongate Account Solutions, LLC is a limited liability company organized under New York law with offices at 455 Commerce Drive, Suite 7, Amherst, NY 14228. Jonathan Rinker is its registered agent.

11. Defendant Irongate Account Solutions, LLC operates a collection agency, using the mails and telephone system to collect consumer debts allegedly owed to others. It states on its web site (http://www.irongateaccountsolutions.com/about-us.html) "We are a production-driven, full-service Accounts Receivable Management Company, that combines certified collection professionals with powerful debt collection technology to deliver the collection results that our clients can depend on."

12. Defendant Irongate Account Solutions, LLC is a debt collector as defined in the

FDCPA.

13. Defendant Capital Link Management, LLC is a limited liability company organized under New York law with offices at 455 Commerce Drive, Suites 2 and 7, Amherst, NY 14228. Jonathan Rinker is an officer or manager of the company.

14. Defendant Capital Link Management, LLC operates a collection agency, using the mails and telephone system to collect consumer debts allegedly owed to others. It has a web site (http://www.capitallinkmanagement.com/services.html) where it states, "We are a third party, National Accounts Receivable Agency, where we strive to perform in an effective and organized manner."

15. Defendant Capital Link Management, LLC is a debt collector as defined in the FDCPA.

## FACTS

16. Defendants have been attempting to collect from plaintiff an alleged New York & Company credit card debt incurred, if at all, for personal, family or household purposes.

17. During August-September 2017, plaintiff received a series of calls from 866-204-9647, 716-562-3795, and 716-371-1428 seeking to collect such card.

18. The number 716-562-3795 is answered "Irongate."

19. The callers stated that Capital Link Management, LLC would be charging a Capital One credit card issued to plaintiff for the amount allegedly owed.

20. Plaintiff had to cancel the credit card and have it reissued to prevent this.

21. At no time did plaintiff receive a "notice of debt" as is described in 15 U.S.C. §1692g from defendants.

22. On information and belief, no such "notice of debt" was sent.

23. The use of multiple names was confusing and intimidating.

24. The claim that the debt would be charged to an existing credit card issued to

plaintiff were intimidating.

     25.    Plaintiff was harassed and aggravated as a result.

## COUNT I – FDCPA

     26.    Plaintiff incorporates paragraphs 1-25.

     27.    Defendant violated 15 U.S.C. §1692g, by failing to provide the notice required by that section.

     28.    Section 1692g provides:

> **§ 1692g. Validation of debts**
>
> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**
> >
> > **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> >
> > **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
> >
> > **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in**

> subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
> **(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.
>
> **(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
> **(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

29. Defendant violated 15 U.S.C. §1692e and 1692e(10) by using multiple names and by asserting that the debt could be placed on another credit card.

30. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      i.      Statutory damages;

      ii.     Actual damages;

      iii.    Attorney's fees, litigation expenses and costs of suit;

      iv.    Such other and further relief as the Court deems proper.

                                      <u>s/ Daniel A. Edelman</u>
                                      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
Patricia N. Jjemba
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois  60603-1824
Phone No. (312) 739-4200
Facsimile No. (312) 419-0379
Email address for service:  courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman
