**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANNA GRECO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 17-cv-7159 |
| vs. | ) | |
| | ) | |
| IRONGATE ACCOUNT SOLUTIONS, LLC | ) | Honorable Andrea R. Wood |
| and CAPITAL LINK MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff Anna Greco, by and through her undersigned counsel, hereby move this Court pursuant to Fed. R. Civ. P. 37 for an Order Compelling Discovery from Defendant, Capital Link Management, LLC ("CLM"). In support of her Motion, Plaintiff respectfully states the following:

1. On October 4, 2017, Plaintiff filed a Complaint against Defendants Irongate Account Solutions, LLC and Capital Link Management, LLC, seeking to secure redress from unlawful credit and collection practices engaged in by the Defendants.

2. Plaintiff alleges that Defendants called her multiple times from different numbers and using multiple names, in an attempt to collect on a debt. She further alleges that they charged the alleged debt to her credit card and intimidated and harassed her in their collection efforts. She also claims that she never received a notice of debt as described in 15 U.S.C. §1692g from Defendants.

3. On March 28, 2018, Plaintiff served her First Discovery Requests to CLM, which included Interrogatories, Requests for Admission, and Requests for Production of Documents. (Exhibit A, Plaintiff's First Discovery Requests).

4. On May 9, 2018, Defendant CLM served its responses to Plaintiff's First Discovery Requests.

5. On June 1, 2018, Plaintiff served her Second Discovery Requests, which included two additional document production requests again pertaining to CLM's business, as well as its relationship to Defendant Irongate Account Solutions, LLC. (Exhibit B, Plaintiff's Second Discovery Requests).

6. On July 5, 2018, CLM served its responses to Plaintiff's Second Discovery Requests.

7. On July 13, 2018, after reviewing CLM responses to the discovery requests, Plaintiff's counsel sent a Rule 37 letter via email to counsel for CLM, which noted several deficiencies with Defendant's responses to Plaintiff's first and second sets of discovery requests. The Rule 37 correspondence specifically focused on the nature of CLM's business and whether it is a debt collector pursuant to the Fair Debt Collection Practices Act. (Exhibit C, ECLG July 13, 2018 Letter to LMWF).

8. On July 17, 2018, counsel for CLM emailed a letter to Plaintiff's counsel responding to each request addressed in Plaintiff's counsel's letter. (Exhibit D, LMWF July 18, 2018 Letter to ECLG). CLM did not produce any additional discovery accompanying its response.

9. On July 19, 2018, counsel for Plaintiff and Defendant had a phone conference regarding the discovery disputes, in which Plaintiff's counsel specifically requested answers to Interrogatory No. 6, regarding whether CLM is licensed as a debt collector or collection agency, and First Request for Production No. 7, seeking all documents, including those submitted to government agencies, that describe CLM's business.

10. CLM's position in objecting to the above discovery requests is that licensure as a debt collector "is of no consequence of whether CLM violated the FDCPA herein" and has no bearing on whether it is a debt collector under the FDCPA. (See Exhibit D).

11. Despite these objections, counsel for CLM agreed to check whether CLM had any responses for these two requests.

12. On July 23, 2018 and on July 31, 2018, Plaintiff's counsel sent CLM's counsel email reminders regarding the outstanding discovery requests. Counsel for CLM replied on July 31, 2018 that he would check with his client, and did not respond further. (Exhibit E, email exchange between Isabella M. Janusz and Brendan H. Little.)

13. Counsel for both parties attended a status hearing for this case on August 15, 2018, at which Plaintiff's counsel informed the Court and defense counsel that there remained two outstanding discovery requests.

14. After the status hearing, Plaintiff's counsel again emailed counsel for CLM, asking for a response by the end of the day as to when the outstanding discovery would be submitted to Plaintiff's counsel. Defense counsel had not responded by the end of August 15, 2018. (Exhibit E).

15. The deadline for completing fact discovery is August 30, 2018.

16. On August 1, 2018 the Court granted the Parties' joint motion for entry of an agreed confidentiality order [Dkt. #23] and entered the proposed protective order [Dkt. #24]. Anything in CLM's possession that is responsive to Plaintiff's discovery requests and is confidential in nature is covered by the order.

17. Plaintiff is entitled to discovery into whether CLM is a debt collector in order to pursue her claim that it violated the FDCPA.

18.     Considering defense counsel's unwillingness to cooperate in discovery and the fast approaching deadline for completing fact discovery, counsel for Plaintiff asks the Court to compel disclosure of information related to whether CLM is a licensed debt collector or represented itself as a debt collector to government agencies.

19.     Discovery into whether CLM is a debt collector under the FDCPA is necessary in order to determine whether Plaintiff can go forward with her FDCPA claim against CLM.

20.     Pursuant to Local Rule 37.2, Plaintiff's counsel's attempts to engage in consultation regarding the issues outlined above were unsuccessful due to no fault of counsel's.

21.     The information requested is not only discoverable but also necessary in order to determine whether Plaintiff's case can go forward.

**WHEREFORE,** Plaintiff respectfully requests an order compelling discovery including: (1) information as to whether CLM is licensed by any governmental body or entity as a debt collector or collection agency; (2) all documents, including documents submitted to overnment agencies, that describe CLM's business; and (3) leave to file a petition for of Plaintiff's counsel's fees and costs associated with bringing this motion.

Respectfully submitted,

 s/Isabella M. Janusz
Isabella M. Janusz

Daniel A. Edelman
Isabella M. Janusz
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

4

## <u>CERTIFICATE OF SERVICE</u>

      I, Isabella M. Janusz, hereby certify that on August 16, 2018, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which sent notice to all parties of record.

s/Isabella M. Janusz
_____
Isabella M. Janusz

Daniel A. Edelman
Isabella M. Janusz
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)