**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANNA GRECO, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Andrea R. Wood |
| | ) | |
| vs. | ) | Case No. 17-cv-7159 |
| | ) | |
| IRONGATE ACCOUNT SOLUTIONS, LLC and CAPITAL LINK MANAGEMENT, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST DISCOVERY REQUESTS**

Plaintiff, Anna Greco, by and through her undersigned counsel, requests that Defendant, Capital Link Management, LLC ("CLM"), respond to the following Requests for Admission, Interrogatories, and Requests to Produce Documents in accordance with Rules 26, 33, 34, and 36 of the Federal Rules Federal Rules of Civil Procedure, and the Local Rules for the United States District Court for the Northern District of Illinois, at the offices of Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois, 60603, by the deadline set by rule.

The definitions and instructions at the end of these requests shall apply throughout these discovery requests unless the context suggests otherwise:

**REQUESTS FOR ADMISSION**

1. You purchase defaulted Debts.

2. You retain third parties to collect defaulted Debts owned by You.

3. You own a Debt owed, or allegedly owed, by Plaintiff.

4. You collect Debts for third parties.

5. You collect defaulted Debts for third parties.

1

6. A third party retained you to collect a Debt from Plaintiff.

7. You retained Irongate to collect a Debt owed, or allegedly owed, by Plaintiff.

8. You have made telephone calls to Plaintiff.

9. You have not sent any letters to Plaintiff.

10. You maintain a website at www.capitallinkmanagement.com.

## INTERROGATORIES

1. Identify any person who provided information used to answer these interrogatories.

2. Identify the address(es) of Your place(s) of business.

3. Describe all aspects of Your business.

4. State whether you buy defaulted Debt.

5. State whether you collect Debt, directly or indirectly.

6. State whether you are licensed by any governmental body or entity as a debt collector or collection agency. If so, state with which governmental bodies or entities you are licensed.

7. State whether you have had any involvement with a Debt owed, or allegedly owed, by Plaintiff.

8. State whether you own any Debt owed, or allegedly owed, by Plaintiff.

9. State whether you were retained by a third-party to collect a Debt from Plaintiff. If so, identify the Person who retained You, and the Debt You were retained to collect.

10. Describe all Your Communications with Plaintiff.

11. State whether you have ever done business with Irongate. If so, state the nature of that business.

12. State whether you retained Irongate to collect a Debt from Plaintiff.

13. State the factual and legal bases for the affirmative defenses You have asserted.

## REQUESTS TO PRODUCE DOCUMENTS

Please produce:

1. All Documents relating to Plaintiff, including Documents which are indexed, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

2. All of Your account notes or account history relating to Plaintiff.

3. Copies or templates of all Documents that You sent to Plaintiff.

4. All Documents relating to any affirmative defenses You assert in this action.

5. Your organizational chart.

6. All Documents setting forth Your document destruction and retention policies, including evidence of any litigation hold put in place with respect to this litigation.

7. All Documents, including documents submitted to government agencies, which describe Your business.

8. All agreements between You and Irongate.

/s/ Francis R. Greene
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
fgreene@edcombs.com

3

## **CERTIFICATE OF SERVICE**

  I, Francis R. Greene, certify that on March 28, 2018, I had a copy of this document served upon the following parties via E-mail and U.S. Mail.

Brendan H. Little
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
blittle@lippes.com

                    /s/ Francis R. Greene

## DEFINITIONS

1. "Account" means a Debt which You, directly or indirectly, collected, attempted to collect, or are continuing to attempt to collect.

2. "Agent" means any Person acting on Your behalf.

3. "CLM" means Capital Link Management, LLC, its predecessors, successors, assigns, and present or former parent companies, affiliates, and subsidiaries, and any of its respective officers, directors, employees, Agents, or any Person acting or purporting to act on its behalf.

4. "Collector" means an Agent who collected or attempted to collect any Debts.

5. "Communication(s)" shall mean, among others, any actual or attempted meetings, gatherings, assemblies, encounters, discussions, dialogues, exchanges, conversations, contact and correspondence of any type and by any means, including but not limited to letters, regular mail, telephone calls, facsimiles, electronic mail, texts, and instant messaging.

6. "Consumer" means a natural person whom a Creditor believes is responsible for the payment of a Debt.

7. "Creditor" means a Person who claims that there is money owed by a Consumer to that Person.

8. "Debt" means any obligation or alleged obligation of a Consumer to pay money.

9. "Debt Collector" means either: (a) a Person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any Debts; or (b) a Person who regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another.

10. "Documents" should be construed to include, without limitation, a writing of any kind, including memoranda, correspondence, handwritten notices or any other printed, graphic, or recorded matter, however produced or reproduced, including working papers, preliminary, intermediate or final drafts, diaries, desk calendars, appointment books, photographs, films, video tapes, electronic mail, computerized financial records, electronically stored or computerized information, data stored on hard drives and floppy disks and all other writings and recordings of every kind which are in Your actual or constructive possession, custody or control. Any copies of Documents bearing notations or marks not found in the original shall be deemed to be different Documents and shall also be produced.

11. "Irongate" refers to Irongate Account Solutions, LLC, its predecessors, successors, assigns, and present or former parent companies, affiliates, and subsidiaries, and any of its respective officers, directors, employees, Agents, or any Person acting or purporting to act on its behalf.

12. As used herein, the terms "Identify," "Identification," "Describe," or "Description":

>   (a) when used in reference to a Document means to state (i) the name of the Person who prepared it or over whose signature it was issued; (ii) the name of each Person to whom it was addressed or distributed; (iii) the nature and substance of the writing with sufficient particularity to enable it to be identified; (iv) its date and, if it bears no date, the date when it was prepared; and (v) the physical location of it, and the name and address of its custodian;
>
>   (b) when used with reference to an oral Communication, means to state (i) the

name of each Person who participated in the Communication, and the name of each Person who was present at the time it was made; (ii) by whom each Person was employed, and whom each Person represented or purported to represent in making such oral Communications; (iii) the date and place where such oral Communication was made; and (iv) the Identification of each and every Document or recording pertaining or relating to such oral Communication;

(c) when used with reference to a Person or individual, means to state (i) his or her full name and last known business address and telephone number, (ii) his or her last known residence address and telephone number; and (iii) the name and last known business address of his or her employer at the time referred to in Your answer, and at the present time, and the employment position held by such employee with each employer; and the date when each such employment began and ceased;

(d) when used with reference to a corporation, association, company, partnership, or other business or governmental entity means to state (i) its full name; (ii) its principal place of business; and (iii) its last known address and telephone number; (e) when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, means to set forth the event or events constituting such act, its location, the date and Persons participating, Persons present or involved, witnesses, and the Documents relating or referring in any way thereto.

13. "Obligation(s)" means indebtedness or alleged indebtedness.

14. "Person(s)" means natural persons, corporations, partnership, joint ventures, sole proprietorships, or any other type of business or commercial entity, as well as any and all consultants or other experts retained by You.

15. "You" or "Your" mean and refer to CLM.

## INSTRUCTIONS

**Interrogatories**

1. In answering these Interrogatories, furnish all information available to You or subject to Your reasonable inquiry, including information in the possession of Your attorneys, accountants, advisors, or other Persons directly or indirectly employed by, or connected with, You or Your attorneys, and anyone else otherwise subject to Your control.

2. In answering these Interrogatories, please restate the Interrogatory in full before stating Your response thereto.

3. If an Interrogatory has subparts, answer each part separately and in full, and do not limit Your answer to the Interrogatory as a whole.

4. If an Interrogatory cannot be answered in full, answer to the extent possible, specify the reason for Your inability to answer the remainder, and state whatever information and knowledge You have regarding the unanswered portion.

5. If the answer to all or any part of any Interrogatory is not presently known or available, include a statement to that effect, furnish the information known or available, and respond to the entire Interrogatory by supplemental answer in writing and under oath at such time as the entire answer becomes known or available. If an estimate can be reasonably made in place of unknown information, also set forth Your best estimate, clearly designate as such, in place of the unknown information and describe the basis upon which the estimate is made.

6. If any response or portion thereof is withheld under a claim of privilege or work-product immunity, Describe for each such response or part thereof as to which a privilege or immunity is claimed: (a) the subject matter of the privileged information; (b) the privilege or immunity claimed and the facts giving rise to the privilege or immunity; (c) if the immunity pertains to Communications, then the date and place of those Communications; and (d) any and all participants in those Communication, specifically Identifying any third parties that were present.

7. If any Interrogatory is objected to on grounds other than privilege or work product immunity, You shall state with particularity each such objection and the bases therefore, and shall respond to the remainder of the Interrogatory to the extent that You are not objecting to it.

8. If You contend that a particular Interrogatory, or a definition or any instruction applicable thereto, is ambiguous or vague, such contention shall not provide a basis for refusing to respond. Please set forth the allegedly ambiguous language and the interpretation of that language that You have adopted in responding to the Interrogatory in question.

9. If You produce documents in response to any of these Interrogatories, then the instructions to the Requests to Produce Documents apply.

**Requests to Produce Documents**

1. These Requests requires You to produce and identify all Documents responsive to the following requests that are in Your possession or control or subject to Your control, wherever they may be located. The Documents You must produce and identify include not only Documents You presently possess, but also Documents that are in the possession or control of Your attorneys, accountants, bookkeepers, employees, representatives, or anyone else acting on

9

Your behalf.

2. All responsive Documents shall be produced in full, without abridgement, abbreviation, or expurgation of any sort. If any such Documents cannot be produced in full, You are requested to produce the Document to the greatest extent possible and indicate in Your written response what Documents cannot be produced and why.

3. You are requested to produce the original and all non-identical copies, including all drafts, of each Document requested. If You are not able to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts.

4. Each Request and subparagraph or subdivision thereof shall be construed independently, and no other Request or subparagraph or subdivision thereof shall be referred to or relied on for the purpose of limiting its scope except insofar as the request or subparagraph or subdivision construed expressly refers to another request or subparagraph or subdivision thereof.

5. If any Document request herein was at one time in existence, but has been lost, discarded, deleted, or destroyed, identify each such Document including its date, author and subject matter.

6. If any Document requested herein is maintained in electronic form (e.g., e-mail, computer files), You are requested to produce each such Document in paper form as well as provide a copy of each Document in electronic form (i.e., computer disk or CD-ROM).

7. If You are not producing a Document responsive to any of the numbered demands below on the basis of a claimed privilege, or for any other reason, please state the following:

    (a) Describe the Document with specificity;

    (b) Identify the privilege claimed or other reason why the Document is not being produced;

      (c)      State the names and capacities of all Persons who participated in the preparation of the Document; and

      (d)      State the names and capacities of all Persons to whom the Document was circulated or its contents communicated.

**General**

1. The present tense includes the past and future tenses.

2. The use of the singular form of any word includes the plural and vice-versa.

3. The connectors "and" and "or," even when used without the other, shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The adjectives "any" and "all," even when used without the other, shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.