

50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
Phone: 716.853.5100
Fax: 716.853.5199
lippes.com

July 17, 2018

**VIA ELECTRONIC MAIL**
Isabella Janusz, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark St., Suite 1500
Chicago, IL 60603

    Re:    Greco v. Capital Link Management, LLC
                Case No.: 17-cv-7159

Dear Ms. Janusz:

I am in receipt of your letter dated July 13, 2018.

**Interrogatory 6**. Plaintiff takes issue with Capital Link Management, LLC's ("CLM") objection that the Fair Debt Collection Practices Act ("FCPA") is a strict liability statute and whether it is a licensed collection agency is of no consequence of whether CLM violated the FDCPA herein. CLM stands by its objection that whether CLM is a licensed collection agency is of no consequence. *See* McAdory v. M.N.S. Associates, 2018 WL 1256482 (D. Ore. Mar. 11, 2018) ("[the debt buyer]'s seven state 'debt collector' licenses do not affect [the debt buyer]'s status as a debt collector under federal law").

**Request for Production 6 - First Set**. Plaintiff's Request seeks a copy of CLM's document destruction and retention policies to "account for anything that has not been produced if it is not in CLM's possession." CLM stands by its objection a document destruction and retention policy has no bearing on whether it violated the FDCPA herein. Moreover, the policy itself will not assist Plaintiff in determining the completeness of CLM's discovery responses. Finally, notwithstanding and without waiver of the foregoing, CLM does not possess any documents responsive to this Request.

**Request for Production 7 - First Set**. Plaintiff's Request seeks documents submitted by CLM to government agencies that describe its business. Plaintiff opines that if CLM indicates that it is a debt collector in any of these documents, those documents could be used to prove that CLM is a debt collector as defined by the FDCPA. However, as set forth in McAdory, *supra*, the fact that the



debt buyer was a licensed debt collector in 7 states had no bearing on whether debt buyer was a debt collector as defined by the FDCPA. In fact, despite that the fact that the debt buyer was a licensed debt collection in 7 states, the Court still determined that the FDCPA did not apply to the debt collector. *See* McAdory, *supra*.

**Request for Production 1 - Second Set**. Plaintiff's request seeks copies of contracts with the Automated Clearing House and all other processors of credit payments accepted by CLM. At the outset, CLM is unsure what documents or information Plaintiff is seeking. In addition, CLM believes that the documents Plaintiff may be seeking have no bearing on whether CLM is a debt collector or whether CLM violated the FDCPA herein. Notwithstanding, if Plaintiff can better articulate what documents she is looking for, CLM may be in a position to produce responsive documentation or articulate that it does not possess documents responsive to this Request.

**Request for Production 2 - Second Set**. CLM stands by its response, which ultimately sets forth that it does not possess any documentation responsive the Request. There is nothing for CLM to supplement.

If you would like to discuss any of the foregoing, please feel free to contact me.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

*s/ Brendan H. Little*

Brendan H. Little

BHL/bmo